```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSE RODRIGUEZ,

                    Plaintiff,

       -against-                              MEMORANDUM & ORDER
                                              13-CV-0402(JS)(GRB)
COUNTY OF NASSAU,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jose Rodriguez, pro se
                    No. 15A0064
                    Eastern NY Correctional Facility
                    30 Institution Road
                    P.O. Box 338
                    Napanoch, NY 12458-0338


For Defendants:     Pablo A. Fernandez, Esq.
                    Liora M. Ben-Sorek, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") dated November 16, 2015, recommending that this Court deny Defendant's letter motion to dismiss this action for lack of prosecution. For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

BACKGROUND

This action was commenced on January 18, 2013 by plaintiff Jose Rodriguez ("Plaintiff") against the Nassau County Correctional Center and Nassau County Sherriff's Department.

(Compl., Docket Entry 1.) The Complaint was sua sponte dismissed against Nassau County Correctional Center ("NCCC") and Nassau County Sherriff's Department and deemed amended to name the County of Nassau (the "County") as defendant. (Order, Docket Entry 5, at 1-2.) The Complaint asserts a violation of 42 U.S.C. § 1983 and alleges that Plaintiff, who is deaf, was not provided daily access to a hearing assisted telephone while he was an inmate at NCCC. (Compl. ¶ IV; Order at 2.) Plaintiff seeks an Order directing NCCC to "change their policy to facilitate the hearing impaired on a daily basis," as well as monetary damages in connection with his inability to contact his family. (Compl. ¶ V.)

On May 4, 2015, the County moved to dismiss this action for lack of prosecution. (Def.'s Ltr., Docket Entry 32.) The County alleges that Plaintiff has failed to respond to its discovery requests and failed to update his address with the Court. (Def.'s Ltr. at 1-2.) Plaintiff has not filed opposition to the County's motion. However, the County received correspondence from Plaintiff indicating that he was transferred from NCCC to Downstate Correctional Facility and later transferred to the Eastern Correctional Facility. (Def.'s Reply Ltr., Ex. A., Docket Entry 35-1.) Plaintiff's letter also requests that the County "hold" its file. (Def.'s Reply Ltr., Ex. A.)

On September 16, 2015, the undersigned referred Plaintiff's motion to Judge Brown for an R&R on whether the County's motion should be granted. (Docket Entry 36.)

On November 16, 2015, Judge Brown issued his R&R by Electronic Order. The R&R recommends the following: (1) that Plaintiff be given one final opportunity to provide the County with information needed for the joint proposed pretrial order as well as responses to the County's Combined First Set of Interrogatories and Request for Documents by January 18, 2016; and (2) that the County re-serve its outstanding discovery requests and file a revised joint proposed pretrial order by February 17, 2016. The R&R further recommends that any future failures of Plaintiff to comply with the Court's directives will result in sanctions up to and including a dismissal of this case for failure to prosecute.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Brown's R&R dated November 16, 2015 is ADOPTED in its entirety. Defendant is directed to serve a copy of this Memorandum & Order on Plaintiff and file proof of service.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December __17__, 2015
       Central Islip, New York