```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSE RODRIGUEZ,

                    Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           13-CV-0402(JS)(GRB)
COUNTY OF NASSAU,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jose Rodriguez, pro se
                    No. 15A0064
                    Wende Correctional Facility
                    3040 Wende Road
                    Alden, New York 14004-1187

For Defendants:     Pablo A. Fernandez, Esq.
                    Liora M. Ben-Sorek, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") dated April 22, 2016, recommending that this Court grant Defendant's letter motion to dismiss this action for lack of prosecution. For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

BACKGROUND

This action was commenced on January 18, 2013 by plaintiff Jose Rodriguez ("Plaintiff") against the Nassau County Correctional Center and Nassau County Sherriff's Department. (Compl., Docket Entry 1.) The Complaint was sua sponte dismissed

against Nassau County Correctional Center ("NCCC") and Nassau County Sherriff's Department and deemed amended to name the County of Nassau (the "County") as defendant. (Order, Docket Entry 5, at 1-2.) The Complaint asserts a violation of 42 U.S.C. § 1983 and alleges that Plaintiff, who is deaf, was not provided daily access to a hearing assisted telephone while he was an inmate at NCCC. (Compl. ¶ IV; Order at 2.) Plaintiff seeks an Order directing NCCC to "change their policy to facilitate the hearing impaired on a daily basis," as well as monetary damages in connection with his inability to contact his family. (Compl. ¶ V.)

On May 4, 2015, the County moved to dismiss this action for lack of prosecution. (Def.'s Ltr., Docket Entry 32.) On September 16, 2015, the undersigned referred Plaintiff's motion to Judge Brown for a report and recommendation on whether the County's motion should be granted. (Docket Entry 36.) On November 16, 2015, Judge Brown issued a report and recommendation by Electronic Order (the "November R&R"). The November R&R recommended that: (1) Plaintiff be given one final opportunity to provide the County with information needed for the joint proposed pretrial order as well as responses to the County's Combined First Set of Interrogatories and Request for Documents by January 18, 2016; and (2) the County re-serve its outstanding discovery requests and file a revised joint proposed pretrial order by February 17, 2016. The November R&R further recommended that Plaintiff's future

2

failures to comply with the Court's directives would result in sanctions up to and including a dismissal of this case for failure to prosecute. On December 17, 2015, the Court adopted the November R&R in its entirety (the "December Order"). (Dec. Order, Docket Entry 38.)

On February 3, 2016, the County filed a second motion to dismiss for lack of prosecution. (Def.'s Mot., Docket Entry 41.) The County alleges that Plaintiff has failed to respond to its discovery requests or provide the information needed to complete the joint pre-trial order. (Def.'s Mot. at 2.) Plaintiff has not responded to the County's motion.

On April 12, 2016, the undersigned referred the County's motion to Judge Brown for an R&R on whether the County's motion should be granted. (Docket Entry 42.)

On April 22, 2016, Judge Brown issued his R&R. (R&R, Docket Entry 43.) The R&R recommends that the County's motion be granted and that this case be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (R&R at 5.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court

3

need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Brown's R&R dated November 16, 2015 is ADOPTED in its entirety. The County's motion to dismiss for lack of prosecution (Docket Entry 41) is GRANTED and this action is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED. The County is directed to serve the pro se Plaintiff with a copy of this Memorandum and Order and file proof of service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  24 , 2016
       Central Islip, New York